UNITED STATES *v.* PIO MALDONADO ET AL.

No. 7884.

Entry No. 2682, etc.

(Decided September 26, 1950)

*David N. Edelstein*, Assistant Attorney General (*Daniel I. Auster*, *Richard F. Weeks*, and *Samuel D. Spector*, special attorneys), for the plaintiff.

Defendants not represented by counsel.

OLIVER, Chief Judge: The cases listed in schedule "A," hereto attached and made a part hereof, are appeals by the collector of customs at the port of San Juan, Puerto Rico, for reappraisement of certain sisal braided handbags exported from Ciudad Trujillo, Dominican Republic, on April 29, 1945, and June 8, 1945.

The merchandise was entered and appraised at $6 per dozen, plus certain charges. Thereafter, these appeals were filed by the collector. The plaintiff herein claims that the correct value of the involved merchandise is $36 per dozen, net, packed, and that such value is represented by the export value.

There were received in evidence two photostatic copies of reports of investigations respecting the valuation of the merchandise here in question. Exhibit 1 is a report of Customs Patrol Inspector Paul B. Smith, dated July 31, 1945, addressed to the appraiser of merchandise at San Juan, Puerto Rico. This report indicates that the merchandise involved in reappraisement 157638–A, covered by entry 2682, was shipped by the exporter, Alicia M. de Manon, to the defendant, Maldonado, not upon an agreement to purchase but with the expectation on the part of the shipper that Mr. Maldonado would aid her in the sale of the merchandise. The merchandise at all times remained the property of the shipper. The same report further indicates that handbags similar to the involved merchandise were sold by the exporter herein to the Antilles Department Exchange System in San Juan at $36 per dozen, f. o. b. Santo Domingo (now Ciudad Trujillo). This shipment involved a sale of 5 dozen handbags on an order accepted on April 21, 1945, which was exported on June 10, 1945. The disparity in prices between those at which the merchandise in question was entered and the price at which sisal handbags were sold to the Antilles Department Exchange System was stated by Mrs. de Manon to be because the $6-a-dozen price was the price at which she purchased the merchandise in the Dominican Republic from individuals who manufactured the handbags, while the sale to Antilles Department Exchange System was a rush order which necessitated the payment of higher prices; that she had ordered the merchandise made up as a rush order, in some instances even providing the raw materials,

and that due to these circumstances this merchandise had cost her considerably more.

After entry of the merchandise in question, four sisal handbags which had been shipped as samples to the Antilles Department Exchange System were sent by the appraiser at San Juan to the American vice consul at Ciudad Trujillo, D. R., for the purpose of ascertaining their correct market value for home consumption in the Dominican Republic and also for export. The report of that official to the appraiser at San Juan (exhibit 2) states that upon receipt of these handbags a request for valuation was made to the official chamber of commerce in Ciudad Trujillo and that the bags were sent in turn to the official chamber of commerce at Santiago, D. R., for valuation. The report then stated:

* * * That organization has now stated in a letter to the Chamber of Commerce in Ciudad Trujillo, that they place the following home consumption value upon the bags in question:

| | |
|---|---|
| No. 304 | $2.50 each |
| No. 306 | 2.50 each |
| No. 307 | 1.60 each |
| No. 309 | 2.00 each |

They state that no standard export price exists. * * *

The merchandise sold and shipped by the exporter herein to the Antilles Department Exchange System heretofore referred to is represented by item No. 304 above. The report further stated:

The Secretary of the Chamber of Commerce in Ciudad Trujillo states that the manufacture of such articles is not standardized and that bags and similar articles are manufactured by many different individuals with varying skill, efficiency and cost.

The above-stated home-consumption prices are not supported by any proof of offers or sales of such or similar merchandise at the prices stated. The report does not establish that the prices stated therein represent the market values or the prices at the time of exportation of the involved merchandise nor does it indicate that the merchandise was freely offered to all purchasers at those prices in the usual wholesale quantities and in the ordinary course of trade.

It has not been established that the sale made by the exporter to the Antilles Department Exchange System, upon which the Government relies, was of a usual wholesale quantity made in the ordinary course of trade.

Mrs. de Manon, the exporter, testified that these handbags are made by herself in her own home with the help of two or three employees and that she then sold them in Puerto Rico or wherever there was a profit; that the handbags in question were copied by her from the more expensive styles displayed in stores in Ciudad Trujillo and that she made them in cheaper quality. She stated that her price in the

country of exportation for these handbags was always $6 per dozen, which represented the cost to her; that others were selling handbags of this type at $2.50 or more per bag but that such handbags came from the neighboring country of Haiti and included the import duties into the Dominican Republic, which necessitated the higher price. She sold handbags of this type to the Antilles Department Exchange System at $30 and $36 per dozen in Puerto Rico. She testified, however, that such higher prices were occasioned by hotel and other expenses incurred by her.

In a reappraisement case the plaintiff has the burden of proving every element necessary to enable the court to make a valid appraisement and that burden rests on the Government in a collector's appeal. *Stone & Downer Co. (Dennison Manufacturing Co.)* v. *United States*, 21 C. C. P. A. (Customs) 479, T. D. 46958. In the case of *Meadows, Wye & Co. (Inc.) et al.* v. *United States*, 17 C. C. P. A. (Customs) 36, 42, T. D. 43324, the court said:

> \* \* \* Accordingly, it is incumbent upon the party who perfected the appeal to meet every material issue involved in the case. If he fails to do so, his appeal is subject to dismissal by the trial court, in which event the appraised value would be in full force and effect. *United States* v. *F. B. Vandegrift & Co. et al.*, 16 Ct. Cust. Appls. 278 [sic], T. D. 43120.

The evidence of record fails to establish a market value or price at the times of exportation of this merchandise to the United States, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the Dominican Republic, in the usual wholesale quantities and in the ordinary course of trade, either for home consumption or for exportation to the United States, different from the value found by the appraiser.

Upon this record, therefore, I find the proper value to be the value found by the appraiser in each case.

Judgment will be rendered accordingly.